UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIN ROBINSON,<br>Plaintiff,<br>v.<br>FIRST-CITIZENS BANK & TRUST CO.,<br>Defendant. | Civil No. 24-12797-LTS |

MEMORANDUM AND ORDER ON MOTION TO RECONSIDER (DOC. NO. 49)

November 13, 2026

SOROKIN, J.

On October 9, 2026, the Court entered summary judgment in favor of defendant First Citizens on all of plaintiff Erin Robinson's claims. Doc. Nos. 47, 48.[1] Robinson urges the Court to reconsider that ruling, "reverse" it, "and reinstate her claims." Doc. No. 49 at 1.

The relief Robinson seeks "is granted sparingly." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (discussing Rule 59(e)). The rules she invokes are not mechanisms through which a party may "undo procedural snafus," "advance arguments [they] should have developed prior to judgment," or "regurgitate old arguments previously considered and rejected." Id. (citation modified). Robinson has identified no "manifest error of law" upon which the challenged decision hinged, nor any other basis for reconsideration. Id. The Court will briefly explain why this is so, taking Robinson's claims in the order she asserted them, as it did at summary judgment.

[1] Citations to "Doc. No. __ at __" reference items filed on the Court's electronic docket ("ECF") using document and page numbers appearing in the ECF headers.

The first cause of action alleged disability discrimination in violation of Chapter 151B of the Massachusetts General Laws.[2] Robinson argues that the Court "applied the wrong framework" by citing standards the First Circuit articulated in a case involving both federal and state discrimination claims and requiring Robinson to prove more than "pretext only" at the third step of the burden-shifting process.[3] See Doc. No. 49 at 4–11. As the Court explained, First Citizens supplied "powerful" and unrebutted evidence that it terminated Robinson's employment for legitimate business reasons. Doc. No. 47 at 8. Robinson responded with mere "argument and speculation," supplying no evidence from which a "reasonable jury could find . . . pretext." Id. at 11; cf. id. at 9 (concluding plaintiff had done nothing to refute defendant's showing that corporate reorganization was "the real reason for" termination); id. at 10 (finding "no juror could conclude that timing alone establishes pretext"). Though the Court mentioned a second component of the standard as articulated by the First Circuit, id. at 9, it concluded that First Citizens was entitled to summary judgment due to Robinson's failure to generate a triable issue as to pretext at all—something she concedes the law required of her, Doc. No. 49 at 6—independent of any failure to also supply evidence of discrimination. Thus, Robinson has identified no error infecting the Court's evaluation of her discrimination claim.

---

[2] Robinson's motion misidentifies the only discrimination claim as "Counts II and III." Compare Doc. No. 49 at 4, with Doc. No. 1-3 at 5. This is not the only mistake in the motion. It also references concepts that have no application here and gestures toward a pleading-related challenge rather than a summary-judgment ruling. See Doc. No. 49 at 2 (arguing erroneously that the Court "asserted that actual confusion and geographic proximity are required elements to be plead at this stage"). And it repeats in two places—verbatim—a series of six paragraphs, including three italicized headings, for no apparent reason. Compare id. at 4–7, with id. at 8–10.

[3] To the extent Robinson takes issue with the Court's finding that she had not created a jury question by identifying any similarly situated comparators who were treated differently, her suggestion that the Court should not have "limit[ed] itself to 'apples to apples' comparators," id. at 10, is belied by the very caselaw she invokes. See Trs. of Health & Hosps. of City of Bos., Inc. v. Mass. Comm'n Against Discrimination, 871 N.E.2d 444, 451 (Mass. 2007) ("In other words, apples should be compared to apples." (citation modified)).

Robinson's motion only mentions in passing her second cause of action—retaliation in violation of Chapter 151B. Doc. No. 49 at 4. It identifies no basis for reconsidering the Court's determination that the record contained no support for the narrow theory of retaliation alleged in her second claim. See Doc. No. 47 at 11–12.

In her third cause of action, Robinson alleged retaliation in violation of Chapter 175M of the Massachusetts General Laws. Doc. No. 1-3 at 6. Now, as she did at summary judgment, she emphasizes the presumption of pretext to which she is entitled under state law. Doc. No. 49 at 2–4. The Court recognized and applied that presumption. Doc. No. 47 at 12–13. It then explained that the undisputed facts "compel[led] a finding" that First Citizens had not merely articulated a reason for terminating Robinson but had rebutted the presumption pursuant to the terms of the governing statute. Id. at 13–14. Robinson "asks the Court to revisit its analysis" but identifies no error, no new facts, and no other basis for doing so.

Finally, Robinson challenges only one of the three separate and independently sufficient reasons the Court cited in granting summary judgment to First Citizens on her FMLA retaliation claim. Doc. No. 49 at 11–12; see Doc. No. 47 at 14–16. Regarding the other two reasons, she summarily incorporates the pretext-related arguments she made concerning her state-law claims (which the Court has already rejected as to those claims). Doc. No. 49 at 12. But as her own papers emphasize, the FMLA does not incorporate the pretext standards that govern under the relevant Massachusetts statutes.

For the foregoing reasons, Robinson's motion to reconsider (Doc. No. 49) is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge